UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ASHISH SAXENA,<br><br>    Plaintiff,<br><br>    v.<br><br>TENSORIOT INC.<br><br>    Defendant. | Civil Action No. _____ |

## COMPLAINT

Ashish Saxena ("Mr. Saxena"), by and through undersigned counsel, respectfully submits this Complaint against TensorIot Inc. ("Defendant"). In support of the Complaint, Mr. Saxena states as follows:

## PRELIMINARY STATEMENT

1. This is an action to enforce the plain terms of a written loan agreement that the Defendant executed to induce Mr. Saxena to loan the Defendant $200,000.00. In reliance upon the terms of that agreement, Mr. Saxena transferred to the Defendant the $200,000.00 with an expectation of timely repayment.

2. The Defendant failed to make timely payments, breaching the loan agreement despite Mr. Saxena's repeated demands for repayment.

3. In hopes of resolving this dispute, Mr. Saxena entered into a forbearance agreement (the "Forbearance Agreement") with the Defendant, to allow for the Defendant to repay all monies owed to Mr. Saxena via installment payments. Once again, the Defendant breached its contractual obligations and failed to make the payments required under the Forbearance Agreement.

4. Defendant, through its President and CEO and founder Ravikumar Raghunathan, admitted on multiple occasions that Defendant breached its contractual obligations and failed to repay Mr. Saxena. Defendant, through Mr. Raghunathan, also repeatedly promised that payment was forthcoming. Defendant's promises, however, were empty promises. Defendant never made the promised repayment, only excuses. After patiently waiting a year for repayment, Mr. Saxena remains unpaid.  Accordingly, Mr. Saxena brings this action.

## PARTIES, JURISDICTION AND VENUE

5. Mr. Saxena is a citizen of the Commonwealth of Virginia and is domiciled in Ashburn, Loudoun County, Virginia.

6. Upon information and belief, Defendant is a corporation organized under the laws of Delaware with its principal place of business in Orange, California.

7. This Court has subject matter jurisdiction over this action based upon diversity of citizenship and amount pursuant to 28 U.S.C. § 1332. Complete diversity exists between Mr. Saxena and Defendant, and the amount in controversy exceeds the sum of $75,000.00, exclusive of attorneys' fees, interest, and costs.

8. This Court has personal jurisdiction over the Defendant because the Defendant consented and submitted to this Court's jurisdiction in the Forbearance Agreement pertinent to this action.

9. Venue is proper in this Court and in the Alexandria Division pursuant to 28 U.S.C. § 1391(b)(3) because Mr. Saxena and Defendant contracted to exclusively bring any action arising out of or from or related to the Forbearance Agreement in the local, state, or federal court located in the County of Arlington, Virginia.

## FACTS COMMON TO ALL COUNTS

**A. Loan Agreement.**

10.     On or about February 22, 2024, Defendant executed a Loan Agreement (the "Note") in favor of Mr. Saxena in the principal amount of $200,000.00, with a total interest rate of twenty-five percent (25%). A true and accurate copy of the Note is attached hereto and incorporated herein by reference as Exhibit A.

11.     The Note was originally scheduled to mature within six (6) months on September 1, 2024 ("the Original Maturity Date").

12.     Defendant was to pay $41,666.67 to Mr. Saxena each month for six (6) months from April 1, 2024 to September 1, 2024 ("Monthly Installment"). *See* Exhibit A, section II.

13.     On the Original Maturity Date, the total amount of the Note was to be due and paid in full. *Id*.

14.     The Note was not secured by any interest in real or personal property, and was not accompanied by, or the subject of, any financing, security or pledge agreements.

15.     The Note sets forth provisions detailing Mr. Saxena's remedies for default:

> The occurrence of any of the following shall constitute an "Event of Acceleration" by the Lender under this Note: (a) Borrower's failure to pay any part of the principal or interest as and when due under this Note; or (b) Borrower's becoming insolvent or not paying its debts as they become due. Upon the occurrence of an Event of Acceleration under this Note, and in addition to any other rights and remedies that Lender's may have, Lender shall have the right, at its sole and exclusive option, to declare this note immediately due and payable.

Exhibit A, sections VI and VII.

16.     In addition, "[i]n the event any payment under this Note is not paid when due, the Borrower agrees to pay, in addition to the principal and interest hereunder, reasonable attorneys'

fees . . . plus all other reasonable expenses incurred by Lender in exercising any of its rights and remedies upon default." See Exhibit A, section X.

17. Defendant made a payment of $41,666,67 to Mr. Saxena on April 1, 2024 for the first Monthly Installment. A true and accurate copy of the payment ledger is attached hereto as Exhibit B.

18. Defendant did not pay Mr. Saxena the Monthly Installment for May 1, 2024 and June 1, 2024.

### B. Modification of the Note.

19. On or about June 15, 2024, Defendant requested, via e-mail, a modification of the Note's repayment terms based on Defendant's financial difficulties.

20. Mr. Saxena accommodated such request and agreed to modify the Note. A true and correct copy of the e-mail communications between Defendant and Mr. Saxena regarding modification, dated June 15, 2024, are attached as Exhibit C.

21. On or about July 1, 2024, Mr. Saxena and Defendant entered into a certain Note Modification Agreement (the "Modification") which modified certain terms of the Note. A true and correct copy of the Modification is attached hereto and incorporated herein by reference as Exhibit D. The Note and the Modification are collectively referred to as the "Loan Documents."

22. The Modification extended the repayment schedule to require all outstanding amounts, including principal and interest, to be paid in full by October 31, 2024. See Exhibit D.

### C. Defaults Under the Loan Agreements.

23. On October 31, 2024, Defendant failed to pay the amount due of $208,333.33 as provided for in the Modification.

24. On or about December 5, 2024, Mr. Saxena received a payment of $10,000. A true and correct copy of Mr. Saxena's payment ledger is attached hereto as <u>Exhibit E.</u>

25. On or about December 12, 2024, Mr. Saxena received a payment of $20,000. *See* <u>Exhibit E.</u>

26. Defendant has not made <u>any</u> payments since December 12, 2024.

27. Mr. Saxena made repeated attempts to collect payment from Defendant; however, his efforts were ignored or evaded by the Defendant.

28. On May 12, 2025, Mr. Saxena set forth a demand letter for payment in full under the Loan Documents. A true and correct copy of the demand letter is attached hereto as <u>Exhibit F.</u>

29. On May 31, 2025, Mr. Saxena and Defendant entered into a Forbearance Agreement in which Defendant was to repay the past due balance (i) in the amount of $44,583.33 on or before June 30, 2025, and (ii) $133,750.00 on or before July 31, 2025. A true and correct copy of the Forbearance Agreement is attached hereto as <u>Exhibit G.</u>

30. The Forbearance Agreement sets forth provisions detailing Mr. Saxena's remedies for default.

31. Specifically, the Forbearance Agreement provides that:

> In the event of a Forbearance Default, Borrower acknowledges and agrees that it will be responsible for all actual Lender and third-party costs, including but not limited to out-of-pocket expenses, charges, costs, and fees (including, but not limited to, legal fees) referred to in, or necessitated by, the terms of this Amendment, along with any collection-related fees and expenses, including, without limitation, legal fees, incurred by Lender.

<u>Exhibit G.</u>

32. Defendant immediately breached the Forbearance Agreement.

33. Defendant failed to make any payments under the Forbearance Agreement.

34. Defendant only offered excuses for nonpayment.

35.     For example, Defendant stated on one occasion, "As I had mentioned, I was down with the flu . . . we are working on getting funds lined up and should be able to pay you in the next 1 to 2 weeks." A true and correct copy of the e-mail from Defendant to Mr. Saxena, dated February 3, 2025 is attached hereto as Exhibit H.

36.     Defendant continuously makes ongoing excuses, including as recently as June 30, 2025: ". . . the amount we were going to receive from [a] customer did not come through as planned, and it will now [b]e coming middle of July. So we will pay this amount on July 15…" A true and correct copy of the e-mail from Defendant to counsel at Taft Stettinius & Hollister, dated June 30, 2025 is attached hereto as Exhibit I.

## COUNT I
(Breach of Contract)

37.     Mr. Saxena repeats, re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 36 as if the same were fully set forth herein.

38.     Defendant entered into a valid, binding contract with Mr. Saxena.

39.     Defendant has an unconditional, absolute, and irrevocable duty to pay all the monetary obligations due under the Loan Documents.

40.     Defendant's failure to make said payments is without merit or defense, causing Mr. Saxena to suffer damages in an amount not less than $178,333.33, plus costs, expenses, and attorneys' fees. Mr. Saxena reserves the right to amend the amount owed at the time of the entry of the judgment to reflect all sums then due and owing.

WHEREFORE, Mr. Saxena, Ashish Saxena, respectfully requests judgment against the Defendant for compensatory damages in the amount not less than $178,333.33, or such greater amount as may be determined at trial, plus pre-judgment interest, costs, attorneys' fees and such other and further relief as this Court deems just and proper.

Dated: September 23, 2025

                Respectfully submitted,

                /s/ Marguerite Lee DeVoll
                Marguerite Lee DeVoll (VSB No. 93474)
                Thomas Dossey (VSB No. 989955)
                **WATT, TIEDER, HOFFAR**
                **& FITZGERALD, LLP**
                1765 Greensboro Station Place, Suite 1000
                McLean, Virginia 22102
                (703) 749-1000 (phone)
                (703) 893-8029 (fax)
                mdevoll@watttieder.com
                tdossey@watttieder.com

                *Counsel for Plaintiff Ashish Saxena*